## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN RHODEN,                          )
                                        )
              **Plaintiff,**            )
                                        )
vs.                                     )          **CIVIL NO. 05-625-WDS**
                                        )
MARVIN POWERS, *et al.*,                )
                                        )
              **Defendants.**           )

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*, finding that he was indigent (*see* Docs. 2, 4). Since then, however, it has come to the Court's attention that Plaintiff is barred from proceeding as a pauper. *See* 28 U.S.C. § 1915(g).[1]

Plaintiff is well aware that he has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Rhoden v. Ahitow*, Case No 94-cv-1201-JBM (C.D. Ill., filed April 25, 1994) (dismissed for failure to state a claim, June 1, 1995); *Rhoden v. Welborn*, Case No. 95-cv-107-JPG (S.D. Ill., filed Feb. 6, 1995) (dismissed as frivolous, May 16, 1995); *Rhoden v. Detella*, Case No. 95-cv-5013 (N.D. Ill., filed Dec. 8, 1995) (dismissed pursuant to former 28 U.S.C. § 1915(d), Dec. 8, 1995); *Rhoden v. Allen*, Case No. 95-cv-5674 (N.D. Ill, filed Dec. 10, 1995) (dismissed and strike counted, Aug. 18, 1997); *Rhoden v. O'Leary*, Case No. 95-cv-6908 (N.D. Ill., filed Feb. 8, 1996) (dismissed pursuant to former 28 U.S.C. § 1915(d), Feb. 8, 1996). *See also Rhoden v. Detella*, Case No. 98-cv-2877 (N.D. Ill., filed May 8, 1998) (order at Doc. 8, finding Rhoden has three strikes).

---

[1]  A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Not surprisingly, though, this information was conveniently omitted from his *in forma pauperis* motion (Doc. 2) and his complaint (Doc. 1).

The allegations in this action involve various aspects of Plaintiff's medical care, specifically continued problems with athlete's foot, as well as some pain near his lungs. This is not the first time that Plaintiff has complained about medical treatment for these conditions.[2] Further, the allegations present, at best, claims of medical negligence, and they do not support a finding that Plaintiff is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED**, *sua sponte*, that the order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **VACATED**, and Plaintiff's pauper status is **REVOKED.**

**IT IS FURTHER ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $250 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to pay the filing fee and for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: January 29, 2007.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**

---

[2] *See, e.g., Rhoden v. Powers*, Case No. 04-cv-359-MJR (S.D. Ill., filed May 25, 2004); *Rhoden v. Powers*, Case No,. 05-cv-413-DRH (S.D. Ill., filed June 15, 2004); *Rhoden v. Elyea*, Case No. 05-cv-923-DRH (S.D. Ill., filed Dec. 30, 2005).